## Case No. 5,602.

GOODYEAR DENTAL VULCANITE CO. v. WHITE.

[2 N. J. Law J. (1879) 150.]

Circuit Court S. D. New York.

### MAINTENANCE.

Where a person not interested in defending suits brought upon a patent assisted infringers to defend such suits with money and otherwise, *held*, that he was liable to an action for damages at the suit of the patentee. At common law, an action for maintenance lies in such case, and neither the statutes nor judicial decisions of the state of New York have deprived a plaintiff suing in that state of such common-law remedy.

This was an action at law in the nature of trespass on the case for maintenance. The declaration alleged the granting of letters patent [No. 43,009], dated June 7, 1864, to John A. Cummings, for an improvement in artificial gums and palates, and two reissues of the patent, and assignments vesting in the plaintiff the title to the last reissue, dated March 21, 1865 (No. 1,904). It also alleged exclusive possession of the invention from the grant of the reissue until the wrongful acts of the defendants; and also that more than six thousand dentists had submitted to the claims of the plaintiff under said patent, and taken licenses from the plaintiff to use the improvement under the same, said licenses being annual licenses expiring by limitation on the 31st day of December of each and every year, and paid for annually. It also alleged that the validity of said reissue, No. 1,904, had been established by judicial decrees, and that the plaintiff obtained a great number of decrees for accountings and perpetual injunctions against infringers of said patent. It also alleged that the plaintiff was in possession of a great revenue from the payment to it of the license fees, as hereinbefore set forth, before and at the time of the wrongful acts of the defendant. The first count of the declaration alleged that the defendant, well knowing the premises, and maliciously contriving to injure the plaintiff, and well knowing that a large number of dentists, particularly named, were infringing said patent, and that the plaintiff was about to commence or had commenced suits in equity against each of said infringers, the defendant having no interest whatever in said letters patent, either adversely or otherwise, and having no lawful interest in any suit, controversy, or proceeding relating to the same, and having, actuated by malice, unlawfully maintained the suits particularly mentioned, brought by the plaintiff against said dentists for infringement of said patent, by assisting the defendants in said suits, both before and after their commencement, with money and otherwise, to defend said suits, and by retaining counsel at his own charge to defend and assist in the defence of said suits, and that the suits named were actually begun by the plaintiff against the defendants therein for infringement of said patent prior to the commencement of this action, and were so maintained by the defendant. The second count averred the maintenance of the same suits by the defendant, by preparing at his own expense an answer to the bills in equity which it was well known to the defendant that the plaintiff would be obliged to file in the several circuit courts of the United States, in order to enforce its rights under said patent, said answer containing a great number of false and pretended defences to said letters patent, and by causing said answer to be printed with blanks so as to enable it to be readily used by infringers in all parts of the United States, and by mailing said answers to every dentist in the United States, to the number

of seven thousand and upwards, including the persons named as defendants in said suits, thereby inducing them to resist the plaintiff's rights, and that the said suits so maintained were actually begun prior to the commencement of this action. The third count alleged the maintenance of the same suits by the defendant by the preparation and printing, at his own expense, of said answers containing blanks, and also by the preparation and printing, at his own expense, of printed instructions to enable infringers to use the answers according to the course and practice of courts of equity of the United States, and by the mailing by the defendant, at his own expense, of said answers and instructions to seven thousand dentists including the persons named as defendants in said suits, whereby they were enabled to file, and did file, said answers in said suits, and were assisted to resist the lawful rights of the plaintiff, and that the said suits so maintained were actually begun prior to the commencement of this suit. The plaintiff demanded judgment for one hundred thousand dollars damages. To each of these counts the defendant interposed a general demurrer.

William Tracy, in support of the demurrer.

The doctrine of maintenance existed in the state of New York only by re-enactment of the English statutes. 2 Greenl. Laws N. Y. 38; 1 Rev. Laws, p. 172, c. 87; 4 Kent, Comm. 449; St. Westm. I. 2, c. 49; St. 28 Edw. I. c. 11; St. Westm. I. 25, 28; 28 Edw. I. 3, 11; 33 Edw. I. 2, 3; 2 Rich. II. 32; Hen. VIII. 9. The New York Revised Statutes of 1830 repeal these acts, and abolish the law of maintenance. 3 Rev. St. (2d Ed. 1828) p. 151, § 62; Thallhimer v. Brinckerhoff, 3 Cow. 644; Campbell v. Jones, 4 Wend. 306; Mott v. Small, 20 Wend. 212, 22 Wend. 403; Peck v. Briggs, 3 Denio, 107; Hoyt v. Thompson, 5 N. Y. 326, 347; Sedgwick v. Stanton, 14 N. Y. 289, 295. The doctrine of maintenance did not exist at common law, but was created by statutes. Lord Coke's statement to the contrary is not supported by his references. Hale, Com. Law; 3 Co. Litt.; 2 Inst. 207, 208; Y. B. 11 Hen. VI. 11; 30 Edw. I.; 1 Edw. III. c. 14; 4 Edw. III.; 18 Edw. III. cc. 5, 6; 1 Rich. II. c. 4; Fleta, lib. 1, cc. 20, 30; Brittin (Kelham's translation) 122, 125; Regristrum Brevium, 182, 183; Fitzherbert, tit. "Maintenance"; Brooke, Abr.; Shep. Grand, Abr. 406; 2 Rolle, Abr. 114d; Hughes, Abr. tit. "Maintenance"; Woods, Inst. 412; Vin. Abr. tit. "Maintenance"; 4 Bl. Comm. 135, § 12; 1 Hawk. P. C. c. 83, p. 249; Bac. Abr. tit. "Maintenance." The law of other states is presumed to be the same as that in which this suit is brought. Hoyt v. Thompson, 5 N. Y. 347; Story, Confl. Laws, §§ 556, 557. The action of maintenance was only at the suit of the king. Rolle, 114d; Coke, lib. 3, §§ 701, 368a; Inst. 208, 212; Mic. in 7 Jac. in

star chamber; Wood, Inst. 412; 4 Bl. Comm. 135, § 12; 1 Hawk. P. C. c. 83, p. 249.

B. F. Lee, for plaintiff.

An action for maintenance, at the suit of the party aggrieved, lies at common law. 4 Bl. Comm. 134; 4 Bac. Abr. 492; 1 Co. Inst. 369a; 2 Hawk. P. C. 393, 394, § 4; Id. 403, § 38; Id. 395, § 12; 4 Jac. Law. Dict. 216, 217; Wallis v. Duke of Portland, 3 Ves. 502 (Sumner's Ed., note, pp. 494, 495); Fletcher v. Ellis, Hemp. 300; 4 Kent, Comm. (3d Ed.) 449, note 6; Dane, Abr. 741, § 41; 4 Kent, Comm. (11th Ed.) Holmes' note a, p. 450; Pechell v. Watson, 8 Mees. & W. 691; Flight v. Leinan, 4 Q. B. 883; Fischer v. Naicher, 8 Moore, Indian App. 170; 8 Wkly. Rep. 655. In respect to the civil action for maintenance, no change from the common law has ever been made in the state of New York, either by statute or by the course of judicial decisions. 1 Rev. Laws, 172; 2 Rev. St. 691; Small v. Mott, 22 Wend. 403; Sedgwick v. Stanton, 14 N. Y. 300. If such decisions existed, they would not bind this court. Gregerson v. Inlay [Case No. 5,795]; Swift v. Tyson, 16 Pet. [41 U. S.] 18; Story, Confl. Laws, § 558.

E. N. Dickerson, for plaintiff, in reply to Mr. Tracy.

The important question in this case is whether the maintenance existed at common law. If it did not, it is surprising that the judges of England have not as yet found out that fact, as is shown by the modern English cases cited. In Pechell v. Watson [supra], the exact question arose.

BLATCHFORD, Circuit Judge. I think the decided weight of authority is that such causes of action as are set forth in the first and second counts of the declaration in this case were actionable at common law. And I do not think there is any enactment of the state of New York, or any decision of any court of the state of New York, which deprives the plaintiff of such common-law remedy by action, on such causes of action.

The defendant objects that each of the three counts is defective in not stating that the supposed maintenance was committed in relation to suits actually pending when the maintenance took place. The fact is otherwise as to the first and third counts. The first count avers assistance with money after the commencement of the suits. The third count avers the filing of the answer in the suits. The second count is insufficient because it does not aver that the answers were ever used or filed in the suits. The demurrers to the first and third counts are overruled, with costs to the plaintiffs. The demurrer to the second count is sustained, with leave to the plaintiffs to amend on payment of costs.

[See Case No. 5,601.]